IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KYLE RAY | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-182 |
| HOUSTON COUNTY | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Kyle Ray filed this civil rights action pursuant to 42 U.S.C. § 1983 against Houston County, Texas; Darrell Bobbitt; Ryan Martin; Martha Jackson; and unidentified defendants. The claims against the individual defendants were dismissed for failure to state a claim upon which relief may be granted. On March 15, 2022, Defendant Houston County's motion for summary judgment was granted, and a final judgment dismissing the action was entered.

As the prevailing party in the action,[1] Defendant Houston County filed a motion seeking costs in the amount of $6,303.85. Plaintiff filed a motion for relief from paying costs.

Legal Standard

Unless prohibited by statute, Federal Rule of Civil Procedure 54(d) allows the court to award costs to prevailing parties. There is a strong presumption that the prevailing party should be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). The district court has discretion to deny an award of costs, but must articulate a good reason for doing so. *Id*. at 793-94. "The losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Id*. at 795. The Fifth Circuit noted that some circuits allow a reduction in costs based on a combination of the non-prevailing party's good faith and one other factor, such as: "(1) the losing party's limited

---

[1] The Defendant does not contest that Plaintiff is a prevailing party.

financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* at 794. In *Moore v. CITGO Refining & Chemicals Co.*, the Fifth Circuit subsequently held that it was impermissible for the district court to consider the "enormous" wealth of the prevailing party or the comparative wealth of the parties in assessing costs. *Moore v. CITGO Refining & Chemicals Co.*, 735 F.3d 309, 320 (5th Cir. 2013).

Analysis

In this instance, there is no evidence that Plaintiff was acting in bad faith when he filed this civil rights action after being physically and sexually assaulted by other prisoners at the Houston County Jail. Although the action was ultimately dismissed, it presented close and difficult legal issues concerning Defendants' potential liability for alleged violations of Plaintiff's constitutional rights. Although it is impermissible to consider the comparative wealth of the parties and the financial resources of Houston County, the court may consider Plaintiff's financial resources. The record reflects that Plaintiff is on disability. He receives less than $1,000.00 in disability checks each month, and he earns approximately $1,100.00 through his employment. Plaintiff's living expenses exceed his income, and he has credit card and medical debts.

Based on a combination of factors, including the good faith of Plaintiff, his inability to pay costs, and the close and difficult legal issues presented by this action, costs should not be awarded to Defendant as the prevailing party. It is accordingly

**ORDERED** that Defendant Houston County's Motion for Taxation of Costs (doc. #60) is **DENIED**. Plaintiff's Motion to Deny Defense Costs (doc. #61) is **GRANTED**.

SIGNED this 15th day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge